```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                      RALEIGH DIVISION
```

**IN RE:**                                                    **CASE NO.**

**MARCUS KOREY HICKS**                                       **05-02122-5-ATS**
**YLONDA SHERRIE HICKS**

      **DEBTORS**

**ORDER IMPOSING SANCTIONS FOR VIOLATIONS OF TURNOVER ORDERS**

A hearing took place in Raleigh, North Carolina on October 5, 2005, to determine the amount of sanctions to be imposed against Auto City for violations of multiple turnover orders.

Marcus Korey Hicks and Ylonda Sherrie Hicks filed a petition for relief under chapter 13 of the Bankruptcy Code on May 21, 2005. On June 4, 2005, Auto City repossessed the debtors' 1996 Honda Accord. The debtors and their counsel contacted Auto City to notify it of the bankruptcy filing, and requested that the vehicle be returned. Auto City refused, and the debtors filed a motion for turnover on June 6, 2005. On June 27, 2005, the court entered an order directing Auto City to turn over the vehicle. According to the debtors, Auto City refused to return the vehicle until it received a copy of the turnover order from the court, but even after acknowledging receipt of the order, it still retained possession of the car. Accordingly, the debtors filed a motion for contempt. On July 14, 2005, no one appeared on behalf of Auto City at the hearing on the debtors' motion for contempt.

On July 14, 2005, this court entered an order directing Auto City to turn over the vehicle to the debtors by Tuesday, July 19, 2005. The order also provided that if Auto City failed to turn over the vehicle, the court might direct the United States Marshals Service to bring a representative from Auto City before the court to be held in custody pending return of the vehicle. In addition, the court directed that sanctions be imposed, but deferred setting an amount because the amount would depend on Auto City's response to the order.

On July 20, 2005, debtors' counsel filed a notice that Auto City failed to comply with the order of July 14, 2005. The notice also provided additional service information for the principal of Auto City, Waleed Elhentaty.

On July 27, 2005, this court entered an order directing Auto City to turn over the vehicle to the debtors within 5 days from the date of that order, failing which the United States Marshals Service would be directed to take a representative of Auto City into custody until the vehicle was turned over to the debtors. On July 29, 2005, the debtors regained possession of the 1996 Honda Accord. Although Auto City eventually complied with the turnover order, the delay in returning the vehicle warrants significant sanctions.

Auto City failed to appear at the October 5, 2005, hearing to determine the amount of sanctions to be imposed. At the hearing,

2

debtors' counsel also informed the court that Auto City failed to appear for a 2004 examination ordered by the court on August 19, 2005.

The debtors suffered actual damages due to Auto City's refusal to return their vehicle. Mr. Hicks testified that during the 56-day period that Auto City held the vehicle, his family had only one car. There were approximately 30 working days during this period, during which Mrs. Hicks was required to drive the debtors' two children to daycare and school in North Raleigh, to drive Mr. Hicks to work in West Raleigh, and to drive herself to work near North Hills. In the evenings, Mrs. Hicks was required to drive from North Hills to North Raleigh to pick up the two children from daycare, to drive to the debtors' home in North Raleigh to drop off the children, to drive to West Raleigh to pick up Mr. Hicks from work, and to drive back to the debtors' home in North Raleigh. These circumstances resulted in each debtor missing approximately 10 hours of work. The debtors estimate that their one vehicle was driven an additional 60 miles per day.

As a result of Auto City's repossession of the vehicle and its failure to comply with this court's orders, the debtors have incurred actual damages in the amount of $225 in lost wages for Mr. Hicks (10 hours x $22.50/hour), $125 in lost wages for Mrs. Hicks (10 hours x $12.50/hour), and $630 in additional mileage expense (1,800 miles x $0.35/mile). Mr. and Mrs. Hicks have also incurred $1,200 in attorney's fees in resolving this matter.

Auto City's refusal to comply with multiple court orders and its failure to attend a court-ordered rule 2004 examination are not taken lightly, and thus sanctions are necessary to impress upon Auto City that the automatic stay and the court's orders cannot be ignored. An appropriate sanction in this case is reimbursement of attorney's fees of $1,200 plus cancellation of its lien on the 1996 Honda Accord with an approximate loan balance of $4,000. Cancellation of the lien is intended to compensate the debtors for their actual damages and includes a punitive award.

**NO LATER THAN 10 DAYS FROM THE DATE OF THIS ORDER, AUTO CITY IS DIRECTED TO PAY $1,200 IN ATTORNEY'S FEES TO TRAVIS SASSER, COUNSEL FOR THE DEBTORS, AT 875 WALNUT STREET, SUITE 342, CARY, NORTH CAROLINA 27511. NO LATER THAN 10 DAYS FROM THE DATE OF THIS ORDER, AUTO CITY IS DIRECTED TO TAKE NECESSARY STEPS TO CANCEL ITS LIEN ON THE 1996 HONDA ACCORD WITH THE NORTH CAROLINA DIVISION OF MOTOR VEHICLES AND PROVIDE THE COURT WITH NOTICE OF SUCH ACTION.**

SO ORDERED.

DATED:  October 12, 2005

A. Thomas Small
United States Bankruptcy Judge